UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | |
|---|---|
| JOHN D. CRAWFORD, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 6:09-cv-175-JMH |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL | ) **MEMORANDUM OPINION AND ORDER** |
| SECURITY | ) |
| | ) |
| Defendant. | ) |
| | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court upon cross-motions for summary judgment on the plaintiff's appeal of the Commissioner's denial of her application for Supplemental Security Income and Disability Insurance Benefits.  [Record Nos. 10 and 11.][1]  The Court, having reviewed the record and being otherwise sufficiently advised, will deny the plaintiff's motion and grant the defendant's motion.

**I.   BACKGROUND**

Plaintiff filed for disability benefits on September 15, 2006, alleging an onset of disability of January 1, 1998, due to problems with his ankles following a fracture repair.  [AR at 52-53, 97-102.]  Plaintiff's claim was denied at the initial and reconsideration level, and he timely requested a hearing before an administrative law judge ("ALJ").

---

[1] These are not traditional Rule 56 motions for summary judgment.  Rather, it is a procedural device by which the parties bring the administrative record before the Court.

1

Having considered the evidence, the ALJ determined that Plaintiff suffered from the following severe impairments: "residuals of open reduction/internal fixation of right ankle fracture and residuals of fracture left ankle, right tibia, and right fibula." He also concluded that Plaintiff had the residual functional capacity ("RFC") to perform light work "except for work requiring climbing of ladders, ropes or scaffolds or more than frequent stopping, bending, crouching, or operation of foot controls."[2] [AR at 21.]

During the hearing, the ALJ presented the Vocational Expert with a series of hypothetical questions, specifically inquiring into a scenario in which the claimant was capable of light exertion, i.e., could lift and carry 20 pounds up to one-third of an eight-hour day and lift and carry 10 pounds up to two-thirds of an eight hour day; could sit with routine rest periods, as many as six out of eight hours; combine standing and walking in the same way; perform no more than frequent stooping, bending, crouching, and have no more than frequent operation of foot controls. [AR at 60.] The VE responded that, with such limitations, Plaintiff would be able to perform jobs in the regional or national economies such as building or office cleaner, kitchen worker, hand assembler, and hand packer. [AR at 60.]

---

[2]Plaintiff was fifty-one-years old at the time of the ALJ's decision. [AR at 1-6, 14-23, 30.] He has an eleventh grade education and previously worked as a handyman, groundskeeper, roofer, and tile layer. [AR at 31, 58-59.]

After the hearing, on January 3, 2008, the ALJ issued a decision that was unfavorable to Plaintiff, concluding that Plaintiff was not under a disability.  [AR at 14-23.]  In his decision, the ALJ concluded that Plaintiff's Residual Functional Capacity ("RFC") for a reduced range of light work allowed him to perform his past relevant work.  Plaintiff sought review of the hearing decision by the Appeals Council.

On December 22, 2008, the Appeals Council sent notice that the ALJ's decision would be reviewed.  [AR at 7-10.]  On March 26, 2009, the Appeals Council issued a decision in which it found that Plaintiff was not disabled for the purposes of the Social Security Act.  [AR at 1-6.]  In doing so, the Appeals Council noted that Plaintiff's past relevant work as a handyman required more than light exertion, and that Plaintiff was not capable of performing it.  The Appeals Council found, however, that Plaintiff was able to perform a significant number of other jobs in the economy, which required light exertion, as noted by the Vocational Expert ("VE") during the hearing before the ALJ, including thousands of jobs as an office cleaner, kitchen worker, hand assembler, and hand packer.  [AR at 5, 59-60.]  The Appeals Council, thus, found that Plaintiff was not disabled at step five of the sequential evaluation process.

Plaintiff timely appealed that decision.  This matter is now ripe for review and properly before this Court under § 1631(c) of the Social Security Act, 42 U.S.C. § 1383(c)(3).

3

**II.  OVERVIEW OF THE PROCESS**

The Administrative Law Judge ("ALJ") and, on appeal, the Appeals Council conducts a five-step sequential evaluation in determining disability:

1. An individual who is working and engaging in substantial gainful activity is not disabled, regardless of the claimant's medical condition.

2. An individual who is working but does not have a "severe" impairment which significantly limits his physical or mental ability to do basic work activities is not disabled.

3. If an individual is not working and has a severe impairment which "meets the duration requirement and is listed in appendix 1 or is equal to a listed impairment(s)", then he is disabled regardless of other factors.

4. If a decision cannot be reached based on current work activity and medical facts alone, and the claimant has a severe impairment, then the Secretary reviews the claimant's residual functional capacity and the physical and mental demands of the claimant's previous work.  If the claimant is able to continue to do this previous work, then he is not disabled.

5. If the claimant cannot do any work he did in the past because of a severe impairment, then the Secretary considers his residual functional capacity, age, education, and past work experience to see if he can do other work.  If he cannot, the claimant is disabled.

*Preslar v. Sec'y of Health and Human Servs*, 14 F.3d 1107, 1110 (6th Cir. 1994) (citing 20 CFR § 404.1520 (1982)).  "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled."  *Id.*  "If the analysis reaches the

4

fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Id.*

### III. STANDARD OF REVIEW

In reviewing a decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the decision below is limited to an inquiry into whether the ALJ or Appeals Council's findings were supported by substantial evidence, 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ or the Appeals Council employed the proper legal standards in reaching his conclusion, *see Landsaw v. Sec'y of Health and Human Servs*, 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence" is "more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25 F.3d at 286.

### IV. ANALYSIS

Plaintiff's primary argument on appeal is that the Appeals Council erred in determining that he was not disabled because the Appeals Council relied upon testimony from a Vocational Expert examined by the ALJ using hypothetical questions that did not, in Plaintiff's eyes, reflect Plaintiff's true residual functional capacity. Specifically, Plaintiff argues that the administrative

5

record includes evidence of decreased shoulder motion which would require the addition of physical restrictions beyond those included in the RFC developed by the ALJ and relied upon by the Appeals Council. He argues that additional physical restrictions should have been included in the hypothetical questions posed to the VE in order to elicit testimony from the VE on the work that Plaintiff could perform, considering his RFC.

In support of his argument, Plaintiff points to a consultative examination performed on August 27, 2005, by Dr. Theodros Mengesha, in which Dr. Mengesha found that "there was a decrease in the range of motion in the shoulders on both sides, restricted to 90 degrees both on flexion and adduction." [AR at 161.] Plaintiff reported to Dr. Mengesha that he had been diagnosed with rheumatoid arthritis, affecting all joints but particularly elbows and shoulders, in the late 1960s. [AR at 159.] There are no records of x-rays, scans, or other investigations to confirm this diagnosis in the record. Having examined Plaintiff, Dr. Mengesha noted "some restriction of the joint mobility of [Plaintiff's] shoulder, the genuine nature of which is in doubt." [AR at 162.] Dr. Mengesha ultimately found "[n]o physical evidence for significant restrictions on the patient's tolerance for stooping, bending, reaching, sitting, standing, moving about, lifting, carrying, handling objects or ability to travel was observed." [AR at 162.]

6

Effectively, Plaintiff asks the Court to conclude that he suffered from an impairment of his shoulders, less than severe, which should have been considered in the development of his RFC by the ALJ.  In performing a residual functional capacity assessment, the ALJ is to consider "all of [the claimant's] medically determinable impairments of which [the Commissioner is] aware, including [the claimant's] medically determinable impairments that are not 'severe.'"  20 C.F.R. § 404.1545(a)(2).  In this instance, the record provides no objective evidence of a medically determinable impairment upon which the ALJ could have premised a finding of an impairment to Plaintiff's shoulders.  The record contains nothing more than Plaintiff's conclusory self-report of an earlier diagnosis of rheumatoid arthritis to the consultative examining physician and the limited remarks made by the consulting examining physician concerning limitations observed in the mobility of Plaintiff's shoulder joints.   The substantial evidence of record does not, thus, lend support for Plaintiff's contention that he suffered from a medically determinable shoulder condition, severe or not, which imposed a physical limitation overlooked by the ALJ.

Instead, the very consulting examination on which Plaintiff would have this Court rely casts doubt on the existence of any limitation in the mobility of Plaintiff's shoulder joints or

7

restrictions arising therefrom.  Ultimately, Plaintiff has failed to identify an error in the hypothetical questioning posed to the Vocational Expert and relied upon by both the ALJ and the Appeals Council in reaching the determination that Plaintiff is not disabled.

Finally, Plaintiff's argument that he was somehow prevented from cross-examining the VE regarding additional limitations when the Appeals Council took up the matter is without merit.  During the hearing before the ALJ, the Vocational Expert was questioned about Plaintiff's ability to perform any light exertional work that allowed for no more than frequent stooping, bending, crouching, and no more than frequent operation of foot controls.  [AR at 60.] After presenting the VE with the hypothetical question, Plaintiff was given the opportunity to ask questions, which he did.  [AR at 62-64.]  The Appeals Council did not secure new or different expert testimony, instead relying on the vocational expert's testimony elicited during the hearing before the ALJ.  The Appeals Council likewise relied on the RFC determination noted and outlined in the transcript of the hearing and the ALJ's decision.  In other words, there was no additional testimony elicited at any time as to which Plaintiff was not provided the opportunity to cross-examine the VE, and Plaintiff's argument on appeal fails in this regard, as well.

**V. CONCLUSION**

For all of the reasons stated above, the decision rendered by the Appeals Council shall affirmed.

Accordingly, **IT IS ORDERED**:

(1) That the Commissioner's motion for summary judgment [Record No. 11] shall be, and the same hereby is, **GRANTED**.

(2) That Plaintiff's motion for summary judgment [Record No. 10] shall be, and the same hereby is, **DENIED**.

This the 16th day of December, 2009.



Signed By:
*Joseph M. Hood*
United States Senior Judge

9